**Mary Belle Suggs BROOKS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

---

Irving I. Friedman, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Jackson D. Guerrant, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Mary Belle Suggs Brooks and Howard Augustus Brooks, husband and wife, lived at 1010 South Jackson Street, Louisville. On the night of October 17, 1970, Mary Belle shot and killed Howard in the course of a family argument. Her version of the killing, as recounted in her signed confession, is as follows:

"We have been arguing for days and tonight at about 7:00 P.M., I went to Bingo at Swiss Park. I got home at about 10:30 P.M., and my husband was not home. I started to take off my clothes and get ready for bed and I drank a Country Club Beer. A little bit after that my husband came home and was drunk and I told him to take it easy because he was staggering around and I told him to lay down. My husband was frying chicken and he was staggering over the stove. I told him to lay down again and he said he didn't want me to do anything for him because I was a bulldiker and all my friends are bulldikers. I went into the bedroom and was standing by the stereo and he came in with the frying pan and threw grease on or at me. The grease hit me in the left eye. I went back into the kitchen and he followed me back into the kitchen and threw chille (sic) all over me. I started for the telephone in the bedroom and he reached into the second drawer from the top dresser and pulled his gun. I snatched the gun out of his hand and I backed up and started shooting. I don't know how many times I shot because I was too afraid. He backed up and sat down in a chair by the window in the bedroom. My husband slumped over in the chair and I knew I must have hit him. I went across the street and called the police at the filling station. I went back home and waited for the police. The police came and took him to the hospital and I told the police I shot him and gave them the gun."

Mary Belle was subsequently tried in the Jefferson Circuit Court, Criminal Branch, Third Division, under an indictment charging her with willful murder. At the trial her testimony concerning the killing was substantially as set out in the confession. In admitting that she killed Howard, she said: "I killed him to keep him from killing

me. I still love him. If I had to do it over again, I don't think I could do it. I think I would take the killing."

The Commonwealth later amended the indictment, reducing the charge to voluntary manslaughter.

Mary Belle was found guilty of involuntary manslaughter, first degree, and her punishment was fixed at six years in the penitentiary. She now alleges four grounds for reversal in that the court committed error (1) in allowing the jury to separate once they were accepted; (2) in allowing the prosecutor to display previously excluded evidence; (3) in permitting the Commonwealth to amend the original indictment; and (4) in giving instructions on involuntary manslaughter. As we are of the opinion that it was error to give the involuntary manslaughter instructions and that the case will have to be reversed on this ground, and since the first three problems might not arise on a retrial, we will only deal with the instructions.

The court properly instructed the jury upon the offense of voluntary manslaughter. The court then, under Instructions No. 2 and No. 3, proceeded to instruct the jury concerning the offense of involuntary manslaughter as defined in KRS 435.022. This was error.

In Vinson v. Commonwealth, Ky., 412 S.W.2d 565 (1967), we said:

> "In these situations of mutual combat where one of the participants shoots, knifes, bludgeons or mauls his adversary to death, his acts being intentional and his victim known, an involuntary manslaughter instruction should not be given. Only when one acts wantonly and recklessly and death follows, not intentionally but incidentally, from the acts do we have the crime of involuntary manslaughter."

There can be no doubt from the facts contained in this record that Mary Belle intended to defend herself against the acts of Howard and that she intended the consequences which would naturally flow from her action. Therefore, an instruction on the offense of involuntary manslaughter was improper.

The judgment is reversed.

All concur.